IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-601

ANDREW BACHANOV, on behalf of himself and others
similarly situated,

       Plaintiff,

v.

FEDEX GROUND PACKAGE SYSTEM, INC.,

       Defendant.

---

## DEFENDANT FEDEX GROUND'S NOTICE OF REMOVAL

Defendant FedEx Ground Package System, Inc. ("FedEx Ground") removes the below-described action to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453. This Court has jurisdiction over the claims asserted in this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

## PROCEDURAL HISTORY

1.     On January 31, 2020, Plaintiff Andrew Bachanov ("Plaintiff") commenced a putative wage-and-hour class action styled *Bachanov v. FedEx Ground Package System, Inc.*, Case No. 2020CV30420, by filing a Class Action Complaint (the "Complaint") in the District Court of Denver County, Colorado (the "State Court Action").

2.      Plaintiff was formerly employed as a delivery driver by an independent business entity with which FedEx Ground contracted for package delivery services.[1] (Ex. 1, Decl. of A. Myers ¶ 4, Ex. A, Decl. of A. Bachanov, *Nelson v. FedEx Ground Package Sys.*, No. 1:18-cv-1378 (D. Colo. Jan. 4, 2019), ECF No. 56-1.) Claiming that FedEx Ground is his joint employer, Plaintiff asserts claims against it for unpaid overtime under the Colorado Wage Claim Act and the Colorado Minimum Wage Act on behalf of himself and a putative class of current and former delivery drivers "who were not compensated lawfully for all overtime hours worked in Colorado within the applicable statute of limitations." (Compl. ¶ 19.)

3.      FedEx Ground was provided with a Request to Waive Service of Summons and a copy of the Complaint on February 3, 2020. FedEx Ground signed and returned the Waiver of Service on February 4, 2020. This Notice of Removal is thus timely filed within 30 days of receiving the Complaint, as required by 28 U.S.C. § 1446(b).

4.      True and correct copies of the Complaint, Summons, Waiver of Service, and all other process and pleadings served upon FedEx Ground in the State Court Action are attached as Exhibit 2. Plaintiff has not served upon FedEx Ground any other process, pleadings, or orders. *See* 28 U.S.C. 1446(a) (requiring attachment of state court pleadings).

5.      Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district embracing the place and county where the State Court Action was pending and where the Complaint was filed.

---

[1] The Complaint refers to the third-party business entities that directly employ delivery drivers as "independent service providers" ("ISPs"). (Compl. ¶ 7.) Though FedEx Ground uses the term ISP to refer to a subset of these contracting entities, it uses the term "Service Provider" ("SP") as a more generic descriptor.

6.     A true and correct copy of this Notice of Removal is being submitted for filing with the Clerk for the District Court of Denver County, Colorado, and is being served upon counsel of record for Plaintiff. *See* 28 U.S.C. § 1446(d) (requiring notice to adverse parties and state court).

7.     No waiver or admission of fact, including without limitation, the amount of potential damages, is intended by this Notice of Removal, and FedEx Ground reserves all rights and defenses under applicable law.

## GROUNDS FOR REMOVAL

8.     Plaintiff brings this case as a class action pursuant to Colorado Rule of Civil Procedure 23. (Compl. ¶¶ 19-20.) Thus, removal based on diversity jurisdiction under CAFA is proper where, as here, the putative class contains at least 100 class members, the parties are minimally diverse, and the amount in controversy exceeds $5,000,000 in the aggregate for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d).

9.     By design, CAFA "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014). When a defendant seeks removal under CAFA, it need only file a notice of removal "'containing a short and plain statement of the grounds for removal.'" *Id.* (quoting 28 U.S.C. § 1446(a)).

10.     "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the "pleading" requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Dart Cherokee*, 574 U.S. at 87 (quoting H.R. Rep. No. 100-889, at 71

(1988)). Accordingly, CAFA's provisions "'should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id.* at 88 (quoting S. Rep. 109-14, at 43 (2005)). Furthermore, no anti-removal presumption applies to class actions invoking jurisdiction under CAFA. *See Derosa v. Am. Modern Select Ins. Co.*, No. 19-2380-DDC-TJJ, 2019 WL 5102175, at *3 n.1 (D. Kan. Oct. 11, 2019) (noting that "the Supreme Court [in Dart] determined there was no presumption against removal in CAFA cases").

11.     This putative class action satisfies all the jurisdictional requirements under CAFA. The allegations in the Complaint and the attached declarations demonstrate that: (1) the parties are minimally diverse; (2) the proposed class consists of 100 or more members; (3) the amount in controversy exceeds the $5,000,000 amount-in-controversy threshold; (4) the primary defendants are not States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief; and (5) the exceptions to CAFA do not apply here. *See* 28 U.S.C. § 1332(d).

**A.     There Is Sufficient Diversity of Citizenship**

12.     Plaintiff, an individual, alleges he is a resident of the State of Colorado. (Compl. ¶ 2.) Further, Plaintiff asserts his claims on behalf of a putative class of former and <u>current</u> drivers who drive delivery routes within the State of Colorado. (Compl. ¶ 19.) It is a reasonable inference that at least one member of the putative class is domiciled in and, thus, a citizen of the State of Colorado. *See Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006) ("For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile[,]" which requires residence and an intent to remain in the state.).

13.     FedEx Ground is a corporation organized under the laws of the State of Delaware with its principal place of business in Moon Township, Pennsylvania. (Ex. 3, Decl. of D. Kiefer ¶ 3.) FedEx Ground's top leadership principals are located in Moon Township, Pennsylvania. For instance, the President & Chief Executive Officer, Chief Financial Officer, General Counsel, and Chief Operating Officer are all located in and at all times relevant to this action have been located in Moon Township, Pennsylvania. All high-level decisions about FedEx Ground's business, strategy, operations, and investments are made from its headquarters in Moon Township, Pennsylvania. (*Id.* ¶¶ 4-5.) Virtually all of FedEx Ground's high-level strategic planning, decisions and analysis are performed within its headquarters in Pennsylvania, and all litigation is overseen from the headquarters in Moon Township, Pennsylvania. (*Id.* ¶ 6.)

14.     FedEx Ground is, therefore, a citizen of both Delaware and Pennsylvania for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State  . . . where it has its principal place of business . . . .").

15.     Accordingly, because at least one putative class member is a citizen of a different state than FedEx Ground, CAFA's requirement for minimal diversity is satisfied. *See* 28 U.S.C. § 1332(d)(2)(A) (diversity is satisfied under CAFA if "any member of a class of plaintiffs is a citizen of a State different from any defendant").

**B.     The Putative Class Size Exceeds 100 Members**

16.     CAFA requires that the putative class be comprised of at least 100 persons. 28 U.S.C. § 1332(d)(5)(B). This requirement is satisfied here.

4

17.     Plaintiff brings this action on behalf of a putative class comprised of "[a]ll current and former FedEx Ground drivers who were not compensated lawfully for all overtime hours worked in Colorado within the applicable statute of limitations." (Compl. ¶ 19.) Plaintiff further alleges that "nearly all of the drivers" employed by third-party SPs "work uncompensated overtime hours . . . ." (Compl. ¶ 9.)

18.     As a registered motor carrier, FedEx Ground maintains certain records required by the U.S. Department of Transportation that permit it to estimate the number of delivery drivers employed by SPs operating in Colorado.[2] (Ex. 4, Decl. of C. Rose ¶ 5) Those records indicate that approximately 3,720 drivers have delivered packages out of Colorado stations since January 5, 2017.[3] (Ex. 4, Decl. of C. Rose ¶ 6.)

19.     Thus, taking Plaintiff's allegations of the prevalence of unpaid overtime at face value, it is clear the alleged putative class is comprised of at least 100 members. Plaintiff agrees. Though the Complaint does not make any allegations concerning the anticipated size of the class, Plaintiff previously alleged that a more narrowly defined putative class of Colorado drivers (who asserted the same claims) included at least 300 class members.[4] (*See* Ex. 5, Class Action Compl.

---

[2] FedEx Ground does not directly employ delivery drivers; instead, it contracts with independent business entities—SPs—to provide package pickup and delivery services. Because the SPs assume sole responsibility for compliance with applicable employment laws, including wage payment and maintenance of payroll records, FedEx Ground does not maintain or have access to payroll information that would shed light on the extent to which delivery drivers have been paid overtime by their SPs. (*See* Ex. 1, Decl. of A. Myers, Ex. C, ISP Agreement.)

[3] Claims for unpaid wages must be brought within two years of accrual unless the violation is willful (as Plaintiff alleges here), in which case the statute of limitations is three years. Colo. Rev. Stat. § 8-4-122.

[4] Plaintiff previously filed a complaint in federal court asserting the same claims, but then voluntarily dismissed that action and refiled in state court. His federal court complaint alleged a

¶ 19, *Bachanov v. FedEx Ground Package Sys.*, No. 1:20-cv-00025 (D. Colo. Jan. 5, 2020), ECF No. 1.)

      **C.**      **CAFA's Amount-in-Controversy Requirement Is Satisfied**

     20.     To confer subject-matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the individuals comprising a putative class are aggregated to determine if the amount in controversy exceeds the $5,000,000 jurisdictional threshold. *Id.* § 1332(d)(6).

     21.     While FedEx Ground denies Plaintiff's allegations and denies they are entitled to any relief from FedEx Ground, in determining the amount in controversy the Court must assume the allegations in the complaint are true. Further, a defendant's notice of removal need only include a "plausible allegation that the amount in controversy exceeds [this] jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. CAFA's amount-in-controversy is satisfied under these pleading standards.

     22.     As previously noted, FedEx Ground does not employ delivery drivers, does not determine—or even know—how those drivers are compensated by their SPs, and does not maintain employment records identifying the number of compensable hours they work on a weekly basis. Nonetheless, Plaintiff and other Colorado delivery drivers provided information on these issues in another putative class action brought by Plaintiff's current counsel alleging the same overtime claims, styled *Nelson v. FedEx Ground Package Delivery System, Inc.*, No. 1:18-cv-01378-RM-NYW (D. Colo.). (Ex. 1, Decl. of A. Myers ¶ 2.) Based on this evidence, provided

---

putative class of Colorado drivers that drove only vehicles weighing 10,001 pounds or more, which limitation he has now dropped. (*See* Ex. 5, Class Action Compl. ¶ 18.)

by individuals who are members of the proposed class in the present case, FedEx Ground has made the following assumptions to facilitate the calculations discussed in this Notice of Removal:

- Putative class members: There are approximately 3,720 putative class members. (*See* ¶ 18, *supra*.)

- Putative overtime hours: In *Nelson*, Plaintiff attested that he "worked an average of 9-10 hours per day, Monday through Friday," as well as an occasional Saturday, and attested that hours during peak season were "significantly more." (*Id.*, Ex. A at 2.) Other plaintiffs in *Nelson* attested to working 50-hour workweeks regularly and 60-hour workweeks in peak season. (*Id.*, Ex. B at 7-8.) Based on these attestations, FedEx Ground's amount-in-controversy calculations assume that drivers in the putative class worked 50-hour workweeks at least 12-15 weeks a year, which roughly covers the length of FedEx Ground's peak season.

- Putative pay rates: In *Nelson*, the plaintiffs attested to earning day rates ranging from $100 to $230 per day, with the majority clustering in the range of $125 to $150 per day. (*Id.*, Ex. B at 7-8.) FedEx Ground has thus used a base rate of $125 per day as a conservative estimate of drivers' pay, which averages out to $12.50 per hour over a 50-hour week (above the minimum wage).[5]

23.    FedEx Ground has used these assumptions to calculate potential compensatory damages for allegedly unpaid overtime. Promulgated under the Colorado Minimum Wage Act,

_____

[5] Colorado's minimum wage has ranged from $9.30 to $12.00 per hour during the relevant period. *See* https://www.colorado.gov/pacific/cdle/minimumwage (last visited Feb. 22, 2020).

the Colorado Minimum Wage Order ("Wage Order") establishes that premium overtime pay is calculated at one and one-half times the employee's regular hourly rate. 7 Colo. Code Regs. § 1103-1:4.[6] When the employee is paid a day rate (or on a piece-rate basis), the regular hourly rate is calculated by dividing the employee's total compensation for the week by the total number of hours worked. *See* 29 C.F.R. § 778.112. An employee is then entitled to an additional overtime premium equal to one-half his regular hourly rate times the number of overtime hours worked in that week (because his or her day-rate pay already includes straight-time pay for those hours). *Id.*

24.     Using the above-stated assumptions, and assuming Plaintiffs allegations as true, Plaintiff and putative class members would be entitled to an additional $62.50 in premium overtime pay for each 50-hour workweek. If each driver worked only 12 such weeks per year, he or she would be entitled to an additional $750 per year for up to the last three years, which amounts to $2,250 per class member for the relevant period. If even 60% of the class (i.e., 2,232 drivers) were denied lawful overtime pay—and Plaintiff alleges "nearly all" drivers were (Compl. ¶ 9)—then compensatory damages would amount to $5,022,000, thereby exceeding CAFA's amount-in-controversy requirement.

25.     The minimum rate of overtime pay—that based on Colorado's minimum wage—can also be used to calculate an overly low and conservative amount of damages (though

---

[6] The Wage Order is reissued each year to reflect the current Colorado Minimum Wage. Amended Wage Order 35 is currently in effect and will remain in effect through the expected release of a new wage order in March 2020. *See* https://www.colorado.gov/pacific/cdle/wage-order-archive (listing effective dates of prior Wage Orders) (last visited Feb. 22, 2020). Minimum Wage Orders 33-35 were in effect during the relevant period for this lawsuit. The required overtime premium has remained unchanged at all relevant times.

Plaintiff does not allege any violation of Colorado's minimum wage requirements). Using the lowest legal minimum wage for the relevant period, which was $9.30 per hour under Colorado law,[7] Plaintiff and the putative class members would be entitled to an additional $46.50 in premium overtime pay for each 50-hour workweek. If each driver worked only 15 such weeks per year, he or she would be entitled to an additional $697.50 per year for up to the last three years, which amounts to $2,092.50 per class member for the relevant period. If even 65% of the class (i.e., 2,418 drivers) were denied lawful overtime pay then compensatory damages would amount to $5,059,665, thereby exceeding CAFA's amount-in-controversy requirement. This estimate is exceedingly conservative both because Plaintiff alleges "nearly all" drivers were (Compl. ¶ 9) denied lawful overtime, and because drivers were generally paid substantially more than minimum wage (*supra* ¶ 22).

26.     Further, these calculations do <u>not</u> include attorneys' fees, which are recoverable under both the Colorado Wage Claim Act and the Colorado Minimum Wage Act and must be included in the amount in controversy calculation. *See Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1212 (D. Colo. 2007) (recognizing that punitive damages and reasonable attorneys' fees may be included when determining the amount in controversy when they are recoverable under state law). Thus, FedEx Ground's calculation of the amount-in-controversy is conservative, and recoverable damages and fees could be significantly higher should Plaintiff prevail.

---

[7] Colorado's minimum wage rate changes every year. Since January 1, 2017, that rate has been as follows: (a) $9.30 for the calendar year of 2017; (b) $10.20 for 2018; (c) $11.10 for 2019; and (d) $12.00 beginning January 1, 2020. *See* https://www.colorado.gov/pacific/cdle/minimumwage (listing historical minimum-wage rates for Colorado).

**D.      The Primary Defendant Is Not a State, State Official, or Government Entity**

27.      CAFA does not provide a basis for subject-matter jurisdiction when the primary defendant is a state, state official, or other governmental entity against whom the district court may be foreclosed from ordering relief. 28 U.S.C. § 1332(d)(5)(A). The sole defendant named in the Complaint is FedEx Ground, a private entity. This CAFA requirement is, thus, satisfied.

**E.      The Exceptions to CAFA Do Not Apply**

28.      Plaintiff bears the burden of establishing the exceptions to CAFA jurisdiction. *Dutcher v. Matheson*, 840 F.3d 1183, 1190 (10th Cir. 2016) ("Because the defendants have effectively established that the CAFA elements are met, the burden shifts to the plaintiffs to show that jurisdiction is improper because one of CAFA's jurisdictional exceptions is applicable.").

29.      Plaintiff's Complaint shows that none of these exceptions applies. Each of the CAFA exceptions, as a starting point, requires either an in-state defendant, 28 U.S.C. § 1332(d)(3)-(4), or that all claims in the class action relate solely to securities or the internal governance of a business entity, *id.* § 1332(d)(9). Here, the only defendant is FedEx Ground, an out-of-state corporation, and none of the claims relates to securities or internal governance. Therefore, none of the CAFA exceptions apply.

**<u>CONCLUSION</u>**

For the foregoing reasons, FedEx Ground respectfully gives notice that the State Court Action pending in the District Court for Denver County, Colorado is removed to this Court.

Dated:  March 3, 2020.                       Respectfully submitted,


                                            *s/ Andrew H. Myers*
                                            Jessica G. Scott
                                            Andrew H. Myers
                                            Wheeler Trigg O'Donnell LLP
                                            370 Seventeenth Street, Suite 4500
                                            Denver, CO 80202
                                            Telephone:   303.244.1809
                                            Facsimile:   303.244.1879
                                            Email:   scott@wtotrial.com
                                                     myers@wtotrial.com

                                            Attorneys for Defendant FedEx Ground
                                            Package System, Inc.

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I HEREBY CERTIFY that on March 3, 2020, I electronically filed the foregoing **DEFENDANT FEDEX GROUND'S NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Brian David Gonzales**
  BGonzales@ColoradoWageLaw.com

- **Dustin Thomas Lujan**
  wyoadvocate@gmail.com

*s/ Christine Keitlen*
Christine Keitlen