# EXHIBIT 2

| | |
|---|---|
| DISTRICT COURT,<br>DENVER COUNTY, COLORADO<br>1437 Bannock Street, Room 256<br>Denver, Colorado 80202<br><br>**PLAINTIFF:** ANDREW BACHANOV, on behalf of himself and all similarly situated persons,<br><br>**v.**<br><br>**DEFENDANT:** FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation. | DATE FILED: January 31, 2020 5:14 PM<br>FILING ID: 25ADC4DCB0386<br>CASE NUMBER: 2020CV30420<br><br><br><br><br>Δ    COURT USE ONLY    Δ |
| Attorneys for Plaintiff:<br><br>Brian D. Gonzales, Atty. Reg. # 29775<br>THE LAW OFFICES OF BRIAN D. GONZALES, PLLC<br>2580 Harmony Road, Suite 201<br>Fort Collins, Colorado  80528<br>Telephone: (970) 214-0562<br>BGonzales@ColoradoWageLaw.com<br><br>Dustin T. Lujan<br>LUJAN LAW OFFICE<br>1603 Capitol Avenue Suite 310, A559<br>Cheyenne, Wyoming  82001<br>Telephone: (970) 999-4225<br>wyoadvocate@gmail.com | Case Number:<br><br><br><br><br><br>Ctrm/Div: |
| <div align="center">**CLASS ACTION COMPLAINT**</div> | |

Plaintiff Andrew Bachanov, by and through undersigned counsel, individually and on behalf of all others similarly situated, files this *Class Action Complaint* against FedEx Ground Package System,  Inc. ("FedEx").

## STATEMENT OF THE CASE

1.     The Colorado Wage Claim Act, §8-4-101, *et seq*. (the "Wage Claim Act"), and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Minimum Wage Order and/or the Colorado Overtime and Minimum Pay Standards Order (the "Minimum Wage Act") contain various requirements relating to overtime pay.  FedEx violated these laws by failing to compensate employees at "time and one-half" their regular rate of pay for all overtime hours worked.  This class action seeks to recover damages and back-pay to

compensate all current and former Colorado FedEx delivery drivers subjected to these wage violations.

## PARTIES, JURISDICTION, AND VENUE

2.     Plaintiff, an individual and resident of the State of Colorado, was employed as a delivery driver for FedEx from approximately November 2016 to November 2018.  Plaintiff was eligible to receive overtime pay under the Wage Claim and Minimum Wage Acts since he worked hours over forty hours per week and/or twelve hours per day.

3.     Defendant FedEx Ground Package System, Inc. is a corporation organized under the laws of the State of Delaware with its corporate office located in Coraopolis, Pennsylvania. At all times relevant to this action, FedEx has conducted business in the State of Colorado.

4.     Venue in this Court is proper pursuant to C.R.C.P. 98 because FedEx can be found in this county rendering services and its acts within this county give rise to this lawsuit. Plaintiff and other similarly situated drivers serviced routes by performing deliveries for FedEx within this county and throughout the State of Colorado.

5.     This Court has jurisdiction over the parties and subject matter of this action pursuant to C.R.S. §13-1-124.

## FACTUAL BACKGROUND

6.     As a central part of its business, FedEx operates package pickup and delivery services for customers throughout Colorado and the United States.

7.     FedEx employs hundreds of package delivery drivers throughout Colorado, including Plaintiff and others similarly situated, who: (a) work for FedEx through intermediaries called "independent service providers" ("ISPs"); and (b) have worked more than forty hours per week and/or twelve hours per day for FedEx but were not paid premium compensation for their overtime hours worked.  These individuals are hereinafter referred to as "drivers."

8.     Drivers' work is performed for the benefit of FedEx and FedEx has the ability to control when, where, and how much work drivers perform.

9.     On information and belief, FedEx knows that nearly all of the drivers under its control work uncompensated overtime hours in violation of the Wage Claim and Minimum Wage Acts.  However, even if FedEx strategically "turned a blind eye" to these wage violations, it remains jointly and severally liable because, as a controlling employer, it is responsible to **ensure** its employee-drivers are paid in accordance with Colorado law.  In other words, Colorado law does not permit FedEx to avoid its compliance obligations simply by inserting individual and/or small company ISPs between it and its drivers and requiring them to sign the actual paychecks.

10.     FedEx operates a statewide network of package handling terminals to serve its customers' package pick up and delivery needs throughout Colorado.  FedEx advertises its delivery and pick up services and negotiates with its customers to provide the package pick-ups and deliveries performed by Plaintiff and other drivers throughout Colorado under the policies and procedures of FedEx.

11.     Plaintiff and other drivers working for FedEx typically worked full-time and exclusively as FedEx drivers, delivering FedEx's packages to FedEx customers while wearing FedEx uniforms and driving vehicles bearing FedEx's logos and color scheme.

12.     Plaintiff and other drivers worked out of FedEx-owned and operated terminals located in Colorado, where FedEx managers oversee and manage the package delivery operations.

13.     The services rendered by Plaintiff and other drivers are integral to FedEx's business because FedEx's business is to pick up and deliver packages—exactly the work performed by Plaintiff and other drivers.

14.     Plaintiff and other drivers are required to perform their delivery and pickup duties pursuant to FedEx's policies and procedures dictated to them both directly by FedEx managers and indirectly through FedEx ISPs.  These policies include a strict schedule of pickup and delivery of its packages to comply with FedEx's same-day delivery requirements.  Often, the drivers' schedules are directly dictated by the volume of packages that FedEx requires to be delivered within the service area that the drivers are employed to service.  This volume is based on the needs of FedEx's customers.

15.     Drivers frequently will work under different FedEx ISPs, or even directly for FedEx, and when this occurs, their job duties and the procedures they are required to follow do not differ in any material way.

16.     FedEx drivers, including Plaintiff, have routinely worked more than forty hours per week and, at times, more than twelve hours per day.  FedEx keeps computer-based records of the hours worked by its drivers.

17.     Because FedEx is these drivers' employer, as defined by the Wage Claim and Minimum Wage Acts, it is liable to them for unpaid overtime wages.

18.     By creating a system in which FedEx employs delivery drivers through intermediary FedEx ISPs, who generally have no other delivery business other than delivering to FedEx customers, FedEx has attempted to evade its responsibilities under the Colorado Wage Claim Act and Minimum Wage Act.

## CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this action as a C.R.C.P. 23 class action, on behalf of himself and

on behalf of a Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the class as follows:

**ALL CURRENT OR FORMER LOCAL FEDEX DRIVERS WHO WERE NOT COMPENSATED LAWFULLY FOR ALL OVERTIME HOURS WORKED IN COLORADO WITHIN THE APPLICABLE STATUTE OF LIMITATIONS.**

20.   This action is properly brought as a class action for the following reasons:

a.   The Class is so numerous that joinder of all Class Members is impracticable.

b.   Numerous questions of law and fact regarding the liability of FedEx are common to the Class and predominate over any individual issues which may exist.

c.   The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from FedEx's own records. Plaintiff and Class Members were all paid under a similar compensation plan that denied them overtime premiums required by law. Plaintiff's legal theories are identical to those of Class Members. In particular, as described above, Plaintiff contends that Defendant engaged in a course of conduct that deprived Plaintiff and Class Members of overtime pay, and in doing so, violated state law. Plaintiff's claims, and those of Class Members, are based on the same conduct and seek similar remedies, and therefore, satisfy the typicality requirement.

d.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual claims at issue in this class action involve relatively small amounts and, for most or all Class Members, it would not be cost-effective to retain counsel to file an individual lawsuit. On information and belief, many Class Members do not have the financial means to hire counsel. The class action process would provide an opportunity that is otherwise not practicable or that is simply not available for many of the individual Class Members.

e.   Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Their claims are identical and run solely against Defendant. Plaintiff and other Class Members do not have contractual relationships with each other; hence, they do not have any claims that would place them at

4

odds with each other.  In short, their interests are identical and not in conflict.  Furthermore, Plaintiff is represented by experienced class action counsel.

## FIRST CLAIM FOR RELIEF
### (Violation of the Colorado Wage Claim Act, §8-4-101, *et seq.*)

21.     Plaintiff incorporates by reference all of the above paragraphs.

22.     At all relevant times, FedEx has been, and continues to be, an "employer" within the meaning of the Colorado Wage Claim Act.

23.     At all relevant times, FedEx employed, and continues to employ, "employees", within the meaning of the Wage Claim Act.

24.     Plaintiff and all Class Members were employees of FedEx within the meaning of the Wage Claim Act.

25.     Because of the foregoing conduct, as alleged, FedEx has failed to pay wages due under the Wage Claim Act and Minimum Wage Act, thereby violating, and continuing to violate, the Wage Claim Act.  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

26.     As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.  Plaintiff hereby demands payment on behalf of himself and all Class Members in an amount sufficient to provide compensation for all overtime hours worked that were not compensated lawfully.  This demand for payment is continuing and is made on behalf of any current FedEx drivers whose employment terminates at any time in the future.  Such payment can be made care of undersigned counsel at the listed address.

## SECOND CLAIM FOR RELIEF
### (Violation of the Colorado Minimum Wage Act, §8-6-101, *et seq.*)

27.     Plaintiff incorporates by reference all of the above paragraphs.

28.     At all relevant times, FedEx has been, and continues to be, an "employer" within the meaning of the Colorado Minimum Wage Act.

29.     At all relevant times, FedEx has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the Minimum Wage Act.

30.     Plaintiff and Class Members were employees of FedEx within the meaning of the Minimum Wage Act.

31.     As a result of the foregoing conduct, as alleged, FedEx has violated, and

continues to violate, the Minimum Wage Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

32. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of himself and Class Members and against FedEx as follows:

a. Determining that the action is properly maintained as a class action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

b. Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

c. Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

d. Awarding Plaintiff and Class Members statutory penalties as provided by law; and

e. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this 31st day of January, 2020.

*s/Brian D. Gonzales*

_____

Brian D. Gonzales
THE LAW OFFICES OF BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, CO  80528
Phone: (970) 214-0562
bgonzales@coloradowagelaw.com


*Counsel for Plaintiff*

| | |
|---|---|
| DISTRICT COURT, <br> DENVER COUNTY, COLORADO <br> 1437 Bannock Street <br> Denver, Colorado 80202 <br><br> **PLAINTIFF:** ANDREW BACHANOV, on behalf of himself and all similarly situated persons, <br><br> **v.** <br><br> **DEFENDANT:** FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation | <br><br><br><br><br><br><br><br><br><br><br><br> Δ    COURT USE ONLY    Δ |
| Attorneys for Plaintiff: <br><br> Brian D. Gonzales, Atty. Reg. # 29775 <br> THE LAW OFFICES OF BRIAN D. GONZALES, PLLC <br> 2580 East Harmony Road, Suite 201 <br> Fort Collins, Colorado  80524 <br> Phone Number: (970) 214-0562 <br> BGonzales@ColoradoWageLaw.com <br><br> Dustin T. Lujan <br> LUJAN LAW OFFICE <br> 1603 Capitol Avenue Suite 310, A559 <br> Cheyenne, Wyoming  82001 <br> Telephone: (970) 999-4225 <br> wyoadvocate@gmail.com | Case Number: <br><br><br><br><br><br><br> Ctrm/Div: |

## DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD-PARTY COMPLAINT

1.    This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading.  It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases.  Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2.      Check one of the following:

_____   This case is governed by Chief Justice Directive ("CJD") 11-02 and the "Colorado Civil Access Pilot Project Rules Applicable to Business Actions in District Court" because:

-       The case is filed within the period of January 1, 2012 through June 30, 2015; AND

-       The case is filed in a Pilot Project participating jurisdiction (Adams County, Arapahoe County, Denver County, Gilpin County, or Jefferson County); AND

-       The case is a "Business Action" as defined in CJD 11-02, Amended Appendix A for inclusion in the Pilot Project.

**X**       This case is not governed by the Colorado Civil Access Pilot Project Rules.

NOTE: Cases subject to the Pilot Project must be governed by the Rules in CJD 11-02 (available at http://www.courts.state.co.us/Courts/Supreme_Court/Directives/Index.cfm).   The presiding judge will review Item 2 for accuracy.  The designation on this initial Cover Sheet will control unless the Court orders otherwise.

3.      If this case is not governed by the Colorado Civil Access Pilot Project Rules as indicated in Item 2, check the following:

_____ ☐ This case is governed by C.R.C.P. 16.1 because:

-       The case is not a class action, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding; AND

-       A monetary judgment over $100,000 is not sought by any party against any other single party.  This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

**X**       This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

**X**       The case is a class action, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120,  or other similar expedited proceeding.

_____ ☐ A monetary judgment over $100,000 is sought by any party against any other single party.  This amount includes attorney fees, penalties, and

punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

NOTE: In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 35 days of the at-issue date.  See C.R.C.P. 16.1(b)(1) (re: case type) and C.R.C.P. 16.1(e) (re: amount in controversy).  In any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 45 days of the at-issue date.  See C.R.C.P. 16.1(d).

_____ ☐ A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

☐ C.R.C.P. 16.1 applies to this case.

☐ C.R.C.P. 16.1 does not apply to this case.

4.      ____ This party makes a Jury Demand at this time and pays the requisite fee. See C.R.C.P. 38.  (Checking this box is optional.)

Respectfully submitted this 31st day of January, 2020.

*s/Brian D. Gonzales*

_____
Brian D. Gonzales
THE LAW OFFICES OF BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado  80528

*Counsel for Plaintiff*



DISTRICT COURT
CITY & COUNTY OF DENVER, COLORADO
1437 Bannock Street
Denver, Colorado 80202

DATE FILED: February 3, 2020
CASE NUMBER: 2020CV30420

**Plaintiff:** Andrew Bachanov

**v.**

**Defendant:** Fedex Ground Package System INC.

▲  **COURT USE ONLY**  ▲

**Case Number: 20CV30420**

**Courtroom:  203**

## DELAY REDUCTION ORDER

All civil courtrooms are on a delay reduction docket.

**IF AN ATTORNEY OR PRO SE PARTY FAILS TO COMPLY WITH THIS ORDER, THE COURT MAY DISMISS THE CASE WITHOUT PREJUDICE.  THIS ORDER IS THE INITIAL NOTICE REQUIRED BY C.R.C.P 121 § 1-10, AND C.R.C.P. 41(B)(2).**

A.  In all civil actions, the following deadlines must be met:

1. **Service of Process:**  Proof of service of process under C.R.C.P. 4 for all defendants must be filed within **63 days** after the date of filing of the complaint. After **63 days**, the action may be dismissed by the Court against any defendant for whom proof of service has not been filed.

2. **Default:**  Application for entry of default under C.R.C.P. 55(a) must be filed within **14 days** after default has occurred.

   If all defendants are in default, a motion for entry of default judgment under C.R.C.P. 55(b) must be filed with the application for entry of default. Motions for entry of default judgment must comply with C.R.C.P. 121 § 1-14. Reasonable inquiry regarding a person's military status requires confirmation through the Department of Defense's Servicemembers Civil Relief Act website (https://scra.dmdc.osd.mil) or equivalent confirmation.

3. **Trial Setting:**  The Responsible Attorney as defined in C.R.C.P. 16(b)(2) must file and serve a Notice to Set the case for trial and must complete the setting of the trial no later than **14 days** from the date the case is at issue. (Note: this is a shorter timeframe than would otherwise be required by C.R.C.P. 16.1(g).)  A case is "at issue" when:  (a) all parties have been served and have filed all pleadings permitted by C.R.C.P. 7; or (b)

1

defaults or dismissal have been entered against all non-appearing parties; or (c) at such other time as the Court directs.

4.   Cases filed under **C.R.C.P. 16:**

   a)   **Case Management Conference:**  The notice to set trial must also include a notice to set a Case Management Conference as required by C.R.C.P. 16(d)(1), to be held no later than **49 days** after the case is at issue.

   b)   **Proposed Case Management Order:**  At least **7 days** before the Case Management Conference, the parties must file, in editable format, a proposed Case Management Order consisting of the matters set forth in C.R.C.P. 16(b)(1)-(17) and take all necessary actions to comply with those subsections.

   c)   **Waiver of Case Management Conference:**   If all parties are represented by counsel, and request to waive the case management conference, the parties must submit a **separate** motion to dispense with the case management conference. Unless such a motion has been granted, counsel and any unrepresented parties should plan on appearing for the case management conference.

5.   Cases filed under **C.R.C.P. 16.1:**

   a)   **Certificate of Compliance:**  Not later than **49 days** after the case is at issue, the Plaintiff (or the Responsible Attorney) must file a Certificate of Compliance as required under C.R.C.P. 16.1(h).  No Case Management Order or Case Management Conference is required.

B:   Additionally, in all civil actions, the following provisions apply:
   **Service of this Order:**  The Plaintiff or Responsible Attorney must send a copy of this order to all other parties who enter an appearance.

   **Related Cases:**  An attorney entering an appearance in this case who is aware of a related case is ordered to complete and file in this case an Information Regarding Related Case(s) form available in Room 256 of the City and County Building or at:

https://www.courts.state.co.us/userfiles/file/Information_Regarding_Related_Cases_Form(1).doc

Date:   February 3, 2020               BY THE COURT:


_____
District Court Judge
Denver District Court

2

<table>
<tr><td>

DISTRICT COURT,
DENVER COUNTY, COLORADO
1437 Bannock Street
Denver, Colorado 80202

**PLAINTIFF:** ANDREW BACHANOV, on behalf of
himself and all similarly situated persons,

**v.**

**DEFENDANT:** FEDEX GROUND PACKAGE
SYSTEM, INC. a Delaware corporation.

</td><td>

DATE FILED: February 4, 2020 12:13 PM
FILING ID: B1B55B4FBAF65
CASE NUMBER: 2020CV30420

</td></tr>
</table>

|  | Δ   COURT USE ONLY   Δ |
|---|---|
| Attorneys for Plaintiffs:<br>Brian D. Gonzales, Atty. Reg. # 29775<br>THE LAW OFFICES OF BRIAN D. GONZALES, PLLC<br>2580 East Harmony Road, Suite 201<br>Fort Collins, CO 80528<br>Phone Number: 970-214-0562<br>BGonzales@ColoradoWageLaw.com<br><br>Dustin T. Lujan<br>LUJAN LAW OFFICE<br>1603 Capitol Avenue Suite 310, A559<br>Cheyenne, Wyoming 82001<br>Telephone: (970) 999-4225<br>wyoadvocate@gmail.com | Case Number: 20CV30420<br><br><br>Ctrm/Div: 203 |

## WAIVER AND ACCEPTANCE OF SERVICE

I, Jessica Sost , being duly sworn, state:

1.     I am authorized to accept service on behalf of FedEx Ground Package System, Inc. a defendant in the above-entitled action.

2.     On the date when I executed this document, I received a true copy of the Summons and Complaint in the above-entitled action.

3.     On behalf of FedEx Ground Package System, Inc. I accept service in this manner and waive any other form of service of the Summons and Complaint, but I do not waive any

objection FedEx Ground Package System, Inc. may have to venue or personal jurisdiction as provided in C.R.C.P. 4(i).

4.      I am not in the military service.

Executed on Feb. 3 , 2020

STATE OF Colorado       )
                        )ss.
COUNTY OF Denver        )

        Subscribed and sword to me this 3rd day of February, 2020 by

Jessica Scott

        WITNESS my hand and official seal.

        My commission expires: 05/06/2021 .

Notary Public

ELIZABETH CHRISTINE KEITLEN
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20054018361
MY COMMISSION EXPIRES 05/06/2021

DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO

1437 Bannock Street
Denver, CO 80202
Telephone:  720.865.8301

**Plaintiffs:**

ANDREW BACHANOV, on behalf of himself and all similarly situated persons,

v.

**Defendant:**

FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation.

*Attorney for Defendant,*
*FedEx Ground Package System, Inc.:*

| | |
|---|---|
| Name: | Jessica G. Scott (#37287) |
| | Wheeler Trigg O'Donnell LLP |
| Address: | 370 Seventeenth Street, Suite 4500 |
| | Denver, CO  80202-5647 |
| Telephone: | 303.244.1800 |
| Facsimile: | 303.244.1879 |
| Email: | scott@wtotrial.com |

DATE FILED: February 4, 2020 12:14 PM
FILING ID: B99F35FD2492B
CASE NUMBER: 2020CV30420

▲ **COURT USE ONLY** ▲

Case No. 2020CV030420

Division:  203

**UNOPPOSED MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT**

Defendant FedEx Ground Package System, Inc. ("FedEx Ground") respectfully requests the Court grant it an extension of time, through and including March 17, 2020, to answer or otherwise respond to the Complaint.

## Certificate of Compliance with C.R.C.P. 121 § 1-15(8)

Pursuant to C.R.C.P. 121 § 1-15(8), undersigned counsel for FedEx Ground certifies that she conferred with Plaintiff's counsel. Plaintiff does not oppose the relief requested in this motion.

## Grounds for Relief

In support of this motion, FedEx Ground states as follows:

1.      Plaintiff's counsel emailed the undersigned a copy of the Complaint with a requested waiver of service yesterday, February 3, 2020. The undersigned completed the waiver of service today and returned it to Plaintiff's counsel.

2.      The Complaint includes numerous class action allegations and additional time is needed for FedEx Ground to prepare its response to the Complaint.

3.      This is FedEx Ground's first request for an extension of time for this deadline, and no party will be prejudiced by the extension.

4.      No Court deadlines will be affected by this extension as this matter is not yet at issue.

5.      Pursuant to C.R.C.P. 121 § 1-11, undersigned counsel represents that a copy of this motion has been served on Plaintiff.

For these reasons, FedEx Ground seeks an extension of time to answer or otherwise respond to the Complaint, through and including March 17, 2020.

Dated:  February 4, 2020.                    Respectfully submitted,


                                              *s/ Jessica G. Scott*
                                              _____
                                              Jessica G. Scott
                                              Wheeler Trigg O'Donnell LLP

                                              Attorney for Defendant,
                                              FedEx Ground Package System, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of **DEFENDANT'S UNOPPOSED**

**MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO**

**COMPLAINT** was filed using Colorado Courts E-Filing and served via the manner indicated

below this 4th day of February, 2020 to the following:

| | |
|---|---|
| Brian D. Gonzales | (  ) First Class Mail |
| The Law Offices of Brian D. Gonzales, PLLC | (  ) Hand Delivery |
| 2580 Harmony Road, Suite 201 | (  ) Facsimile |
| Fort Collins, CO 80528 | (  ) Overnight Delivery |
| Telephone:  970.214.0562 | (X) Colorado Courts E-Filing |
| Emails:   bgonzales@coloradowagelaw.com | (  ) E-Mail |

*Attorneys for Plaintiffs*

| | |
|---|---|
| Dustin T. Lujan | (  ) First Class Mail |
| Lujan Law Office | (  ) Hand Delivery |
| 1603 Capitol Avenue, Suite 310, A559 | (  ) Facsimile |
| Cheyenne, WY 82001 | (  ) Overnight Delivery |
| Telephone:  970.999.4225 | (X) Colorado Courts E-Filing |
| Email:    wyoadvocate@gmail.com | (  ) E-Mail |

*Attorneys for Plaintiffs*

*s/ Faith Umaguing*

DISTRICT COURT, CITY AND COUNTY OF
DENVER, STATE OF COLORADO

1437 Bannock Street
Denver, CO 80202
Telephone:  720.865.8301

DATE FILED: February 4, 2020 12:14 PM
FILING ID: B99F35FD2492B
CASE NUMBER: 2020CV30420

**Plaintiffs:**

ANDREW BACHANOV, on behalf of himself and all
similarly situated persons,

v.

**Defendant:**

FEDEX GROUND PACKAGE SYSTEM, INC., a
Delaware corporation.

▲ **COURT USE ONLY** ▲

Case No. 2020CV030420

Division:  203

**[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR EXTENSION OF
TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT**

COMES NOW the Court, having reviewed the Defendant's Unopposed Motion for

Extension of Time to Answer or Otherwise Respond to the Complaint ("Unopposed Motion"),

and the Court being fully advised in the premises,

HEREBY GRANTS the Unopposed Motion. The Defendants shall have through March

17, 2020, in which to file their response to Plaintiff's Complaint.

SO ORDERED this _____ day of _____, 2020.

BY THE COURT:

_____
Judge of the District Court

| DISTRICT COURT, DENVER COUNTY, COLORADO | |
|---|---|
| Court Address:<br>1437 Bannock Street, Rm 256, Denver, CO, 80202 | DATE FILED: February 6, 2020 9:17 AM<br>CASE NUMBER: 2020CV30420 |
| **Plaintiff(s)** ANDREW BACHANOV<br>v.<br>**Defendant(s)** FEDEX GROUND PACKAGE SYST INC | |
| | ⚠ **COURT USE ONLY** ⚠ |
| | Case Number: 2020CV30420 |
| | Division: 203          Courtroom: |
| **Order: Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Complaint** | |

The motion/proposed order attached hereto: GRANTED.


Issue Date: 2/6/2020

BRIAN R WHITNEY
District Court Judge

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br><br>1437 Bannock Street<br>Denver, CO 80202<br>Telephone:  720.865.8301 | |
| **Plaintiffs:**<br><br>ANDREW BACHANOV, on behalf of himself and all similarly situated persons,<br><br>v.<br><br>**Defendant:**<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation. | ▲**COURT USE ONLY**▲<br><br>Case No. 2020CV030420<br><br>Division:  203 |
| *Attorney for Defendant,*<br>*FedEx Ground Package System, Inc.:*<br>Name:        Jessica G. Scott (#37287)<br>                   Wheeler Trigg O'Donnell LLP<br>Address:     370 Seventeenth Street, Suite 4500<br>                   Denver, CO  80202-5647<br>Telephone:  303.244.1800<br>Facsimile:   303.244.1879<br>Email:         scott@wtotrial.com | |

**UNOPPOSED MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT**

Defendant FedEx Ground Package System, Inc. ("FedEx Ground") respectfully requests

the Court grant it an extension of time, through and including March 17, 2020, to answer or

otherwise respond to the Complaint.

## Certificate of Compliance with C.R.C.P. 121 § 1-15(8)

Pursuant to C.R.C.P. 121 § 1-15(8), undersigned counsel for FedEx Ground certifies that she conferred with Plaintiff's counsel. Plaintiff does not oppose the relief requested in this motion.

## Grounds for Relief

In support of this motion, FedEx Ground states as follows:

1.      Plaintiff's counsel emailed the undersigned a copy of the Complaint with a requested waiver of service yesterday, February 3, 2020. The undersigned completed the waiver of service today and returned it to Plaintiff's counsel.

2.      The Complaint includes numerous class action allegations and additional time is needed for FedEx Ground to prepare its response to the Complaint.

3.      This is FedEx Ground's first request for an extension of time for this deadline, and no party will be prejudiced by the extension.

4.      No Court deadlines will be affected by this extension as this matter is not yet at issue.

5.      Pursuant to C.R.C.P. 121 § 1-11, undersigned counsel represents that a copy of this motion has been served on Plaintiff.

For these reasons, FedEx Ground seeks an extension of time to answer or otherwise respond to the Complaint, through and including March 17, 2020.

Dated:  February 4, 2020.                    Respectfully submitted,


                                             s/ Jessica G. Scott
                                             Jessica G. Scott
                                             Wheeler Trigg O'Donnell LLP

                                             Attorney for Defendant,
                                             FedEx Ground Package System, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of **DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT** was filed using Colorado Courts E-Filing and served via the manner indicated below this 4th day of February, 2020 to the following:

Brian D. Gonzales                                        (  ) First Class Mail
The Law Offices of Brian D. Gonzales, PLLC               (  ) Hand Delivery
2580 Harmony Road, Suite 201                             (  ) Facsimile
Fort Collins, CO 80528                                   (  ) Overnight Delivery
Telephone:  970.214.0562                                 (X) Colorado Courts E-Filing
Emails:   bgonzales@coloradowagelaw.com                  (  ) E-Mail

*Attorneys for Plaintiffs*

Dustin T. Lujan                                          (  ) First Class Mail
Lujan Law Office                                         (  ) Hand Delivery
1603 Capitol Avenue, Suite 310, A559                     (  ) Facsimile
Cheyenne, WY 82001                                       (  ) Overnight Delivery
Telephone:  970.999.4225                                 (X) Colorado Courts E-Filing
Email:    wyoadvocate@gmail.com                          (  ) E-Mail

*Attorneys for Plaintiffs*

                                    *s/ Faith Umaguing*
                        _____