**EXHIBIT 5**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

ANDREW BACHANOV, on behalf of himself and others similarly situated,

    Plaintiff,

v.

FEDEX GROUND PACKAGE SYSTEM, INC.,

    Defendant

## CLASS ACTION COMPLAINT

Plaintiff Andrew Bachanov brings this class action lawsuit against Defendant FedEx Ground Package System, Inc. ("FedEx") on behalf of himself and other similarly situated Fedex delivery drivers. Plaintiff and the putative class members are eligible to receive but have not been paid the "time and one-half" overtime pay required by the Colorado Wage Claim Act, § 8-4-101, *et seq.*, (the "Wage Claim Act"), and the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Act"). This class action seeks to recover damages and back-pay to compensate all current and former Colorado FedEx delivery drivers who operated vehicles with a gross vehicle weight rating of 10,001 pounds or greater ("large truck").

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, an individual and resident of the State of Colorado, was employed as a large truck delivery driver for FedEx from approximately November 2016 to November 2018. Plaintiff was eligible to receive overtime pay under the Wage Claim and Minimum Wage Acts since he worked hours over forty hours per week and/or twelve hours per day.

2. FedEx is a Delaware corporation with its principal place of business in Coraopolis, Pennsylvania. At all relevant times, FedEx has engaged in the systematic and continuous business of pick up and delivery of packages in the State of Colorado.

3. This Court has personal jurisdiction over Defendant under 28 U.S. Code § 1332.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391 because acts giving rise to this lawsuit substantially occurred in the forum and Defendant has established minimum contacts within the forum. Plaintiff and other similarly situated drivers serviced routes by performing deliveries for FedEx within the State of Colorado.

**FACTS**

5. As a central part of its business, FedEx operates package pick up and delivery services for customers throughout Colorado and the United States.

6. FedEx employs hundreds of package delivery drivers throughout Colorado, including Plaintiff and others similarly situated, who: (a) work for FedEx through intermediaries called "independent service providers" ("ISPs"); (b) have worked more than forty hours per week and/or twelve hours per day for FedEx but were not paid premium compensation for their overtime hours worked; and (c) drove vehicles with a gross vehicle weight rating of 10,001 pounds or more. These individuals are hereinafter referred to as "drivers."

7. Drivers' work is performed for the benefit of FedEx and FedEx has the ability to control when, where, and how much work drivers perform.

8. On information and belief, FedEx knows that nearly all of the drivers under its control work uncompensated overtime hours in violation of the Wage Claim and Minimum Wage Acts. However, even if FedEx strategically "turned a blind eye" to these wage violations, it remains jointly and severally liable because, as a controlling employer, it is responsible to

**ensure** its employee-drivers are paid in accordance with Colorado law. In other words, Colorado law does not permit FedEx to avoid its compliance obligations simply by inserting individual and/or small company ISPs between it and its drivers and requiring them to sign the actual paychecks.

9. FedEx operates a statewide network of package handling terminals to serve its customers' package pick up and delivery needs throughout Colorado. FedEx advertises its delivery and pick up services and negotiates with its customers to provide the package pick-ups and deliveries performed by Plaintiff and other drivers throughout Colorado under the policies and procedures of FedEx.

10. Plaintiff and other drivers working for FedEx typically worked full-time and exclusively as FedEx drivers, delivering FedEx's packages to FedEx customers while wearing FedEx uniforms and driving vehicles bearing FedEx's logos and color scheme.

11. Plaintiff and other drivers worked out of the FedEx-owned and operated terminals located in Colorado, where FedEx managers oversee and manage the package delivery operations.

12. The services rendered by Plaintiff and other drivers are integral to FedEx's business because FedEx's business is to pick up and deliver packages—exactly the work performed by Plaintiff and other drivers.

13. Plaintiff and other drivers are required to perform their delivery and pick up duties pursuant to FedEx's policies and procedures dictated to them both directly by FedEx managers and indirectly through FedEx ISPs. These policies include a strict schedule of pick up and delivery of its packages to comply with FedEx's same-day delivery requirements. Often, the drivers' schedules are directly dictated by the volume of packages that FedEx requires to be

3

delivered within the service area that the drivers are employed to service. This volume is based on the needs of FedEx's customers.

14. Drivers frequently will work under different FedEx ISPs, or even directly for FedEx, and when this occurs, their job duties and the procedures they are required to follow do not differ in any material way.

15. FedEx drivers, including Plaintiff, have routinely worked more than forty hours per week and, at times, more than twelve hours per day. FedEx keeps computer-based records of the hours worked by its drivers.

16. Because FedEx is these drivers' employer, as defined by the Wage Claim and Minimum Wage Acts, it is liable to them for unpaid overtime wages.

17. By creating a system in which FedEx employs delivery drivers through intermediary ISPs, who generally have no other delivery business other than delivering to FedEx customers, FedEx has attempted to evade its responsibilities under the Colorado Wage Claim and Minimum Wage Acts.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action as a FED.R. CIV. P. 23 class action, on behalf of himself and on behalf of a Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminary defines this Class as follows:

> **ALL CURRENT OR FORMER LOCAL FEDEX DRIVERS WHO OPERATED TRUCKS WITH A GROSS VEHICLE WEIGHT RATING OF 10,001 POUNDS OR GREATER AND WERE NOT COMPENSATED FOR ALL OVERTIME HOURS WORKED WITHIN THE APPLICABLE STATUTE OF LIMITATIONS.**

19. This action is properly brought as a class action for the following reasons:

4

a.  The Class is so numerous that joinder of all Class Members is impracticable.  Plaintiff is informed and believes that the number of Class Members exceeds 300.

b.  Numerous questions of law and fact regarding the liability of FedEx are common to the Class and predominate over any individual issues which may exist.

c.  The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from FedEx's own records. Plaintiff and Class Members were all paid under a similar compensation plan that denied them overtime premiums required by law.  Plaintiff's legal theories are identical to those of Class Members.  In particular, as described above, Plaintiff contends that Defendant engaged in a course of conduct that deprived Plaintiff and Class Members of overtime pay, and in doing so, violated state law.  Plaintiff's claims, and those of Class Members, are based on the same conduct and seek similar remedies, and therefore, satisfy the typicality requirement.

d.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The individual claims at issue in this class action involve relatively small amounts and, for most or all Class Members, it would not be cost-effective to retain counsel to file an individual lawsuit.  On information and belief, many Class Members do not have the financial means to hire counsel.  The class action process

5

     would provide an opportunity that is otherwise not practicable or that is simply not available for many of the individual Class Members.

  e. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff.  Their claims are identical and run solely against Defendant.  Plaintiff and other Class Members do not have contractual relationships with each other; hence, they do not have any claims that would place them at odds with each other.  In short, their interests are identical and not in conflict.  Furthermore, Plaintiff is represented by experienced class action counsel.

## FIRST CLAIM FOR RELIEF
### (Violation of the Colorado Wage Claim Act § 8-4-101, *et seq*.)

20. Plaintiff incorporates by reference all of the above paragraphs.

21. At all relevant times, FedEx has been, and continues to be, an "employer" within the meaning of the Colorado Wage Claim Act.

22. At all relevant times, FedEx employed, and continues to employ, "employees", within the meaning of the Wage Claim Act.

23. Plaintiff and all Class Members were employees of FedEx within the meaning of the Wage Claim Act.

24. Because of the foregoing conduct, as alleged, FedEx has failed to pay wages due under the Wage Claim Act, thereby violating, and continuing to violate, the Wage Claim Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

Case No. 1:20-cv-00601-WJM-SKG   Document 1-5   filed 03/03/20   USDC Colorado   Page 7 of 9
Case 1:20-cv-00025-Document 1   Filed 01/05/20   USDC Colorado   Page 8 of 10
pg 8 of 10

25. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial. Plaintiff hereby demands payment on behalf of himself and all Class Members in an amount sufficient to provide compensation for all overtime hours worked that were not compensated lawfully. This demand for payment is continuing and is made on behalf of any current FedEx drivers whose employment terminates at any time in the future. Such payment can be made care of undersigned counsel at the listed address.

## SECOND CLAIM FOR RELIEF
**(Violation of the Colorado Minimum Wage Act § 8-6-101, *et seq*.)**

26. Plaintiff incorporates by reference all of the above paragraphs.

27. At all relevant times, FedEx has been, and continues to be, an "employer" within the meaning of the Colorado Minimum Wage Act.

28. At all relevant times, FedEx employed, and continues to employ "employees", within the meaning of the Minimum Wage Act.

29. Plaintiff and Class Members were employees of FedEx within the meaning of the Minimum Wage Act.

30. As a result of the foregoing conduct, as alleged, FedEx has violated, and continues to violate, the Minimum Wage Act.

31. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

## JURY DEMAND

32. Plaintiff demands a trial by jury for all issues of fact.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of himself and Class Members and against FedEx as follows:

a. Determining that the action is properly maintained as a class action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

b. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

c. Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law.

d. Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

e. Awarding Plaintiff and Class Members statutory penalties as provided by law; and

f. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this 5th day of January, 2020.

/s/ Dustin T. Lujan
_____

Dustin T. Lujan
LUJAN LAW OFFICE
1603 Capitol Avenue Suite 310, A559
Cheyenne, Wyoming  82001
Telephone: (970) 999-4225
wyoadvocate@gmail.com

Brian Gonzales
THE LAW OFFICES OF BRIAN D.
GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado 80528
Telephone: (970) 214-0562
bgonzales@coloradowagelaw.com

*Counsel for Plaintiff*

9